FRANK ABBOTT, RESPONDENT, v. HUGH J. JEWETT, AS RECEIVER OF THE ERIE RAILWAY COMPANY, APPELLANT.

*Action against a receiver — when it cannot be maintained after his discharge — 1874, chap. 430 — power of the court to substitute one defendant for another sole defendant.*

The plaintiff brought this action in March, 1880, against the defendant, as receiver of the Erie Railway Company, to recover for services rendered to him from December 1, 1875, to January 31, 1877. More than sixty days prior to the commencement of this action all the property and franchises of the old company had been sold, and the purchasers had, pursuant to chapter 430 of 1874, formed a new corporation and the defendant had been discharged from his receivership. By these facts the plaintiff was, under section 3 of chapter 446 of 1876 prevented from maintaining the action against the receiver, but the new company was thereby subjected to the same liability as had formerly existed against him.

*Held,* that it was proper to allow the plaintiff to amend the summons and complaint by striking out the name of the defendant and substituting that of the new corporation, although issues had been joined in the action and sent to a referee for trial, but that as the reference had been ordered by consent that order should be vacated.

APPEAL from an order made by a justice of the Supreme Court, granting to the plaintiff leave to amend the summons and complaint by striking out the name of the sole defendant and inserting in place thereof the name of the New York, Lake Erie and Western Railroad Company, and to serve an amended summons and complaint in that form.

*Lewis E. Carr*, for the appellant.

*T. J. & J. W. Lyon*, for the respondent.

GILBERT, J.:

This action was brought originally against Jewett, as receiver of the Erie Railway Company, for work, labor and services rendered to the defendant as receiver from the 1st of December, 1875, to the 31st of January, 1877. The action was commenced in March, 1880. In April, 1878, the property and franchises of said railway company were sold pursuant to a decree of the Supreme Court, and the purchasers thereof, pursuant to chapter 430 of the Laws of 1874, and the acts amendatory thereof, organized a new corporation under the name of the New York, Lake Erie and Western Railroad Company. The last named corporation took possession of said property and franchises on or about June 1, 1878, and since that time has managed and operated said railroad.

The said defendant was discharged from his receivership more than sixty days before the commencement of this action. By section 3 of chapter 446 of the Laws of 1876, which is an act to amend said act of 1874, it is provided that " no suit or proceeding shall be commenced against said receiver (unless founded on willful misconduct or fraud in his trust), except such as shall be commenced before the expiration of sixty days from the time of the discharge of such receiver; but it is further provided that after the expiration of said sixty days, the corporation that shall own or operate said railroad shall be liable in any action that may be commenced against such company, and founded on any act or omission of such receiver (for which he may not as aforesaid be sued), and to the same extent as said receiver, but for this act, would be or remain liable, or to the same extent that said corporation would be, had it done or omitted the acts complained of against such receiver."

The action against the receiver having become barred by reason of the provisions of this section, leave was given to the plaintiff upon motion to amend his complaint by striking out the name of the receiver as defendant, and substituting therefor the name of the corporation formed by the proceedings and reorganization referred to. The sole question is, whether the court had the power to grant that amendment. We think it had. No objection to the amendment can be taken on the ground that it changes the claim of the plaintiff. The cause of action remains the same. The effect of the statute of 1876, was to devolve the liability which is sought to be enforced from the receiver to the new corporation. There can be no doubt but that if the receiver had been discharged before the formation of the new corporation, his liability to the plaintiff would have devolved upon the Erie Railway Company, or that an amendment substituting the latter corporation in place of the receiver as defendant would have been allowable. (Code of Civil Pro., § 723; *Tighe* v. *Pope*, 16 Hun, 180, and cases cited.) The New York, Lake Erie and Western Railroad is merely the successor of the former corporation, and the liability of the receiver has devolved upon them.

An executor of a deceased person may be substituted as defendant in an action to recover a debt due from the deceased, and I see no reason why a corporation which has succeeded to the liability of a former corporation which has become defunct, should not be placed in the same category. Indeed, section 756 of the Code of Civil Procedure provides that in case of the devolution of liability the court may direct the person upon whom the liability has devolved to be substituted in the action. The mode of substitution is not prescribed; but I see no objection to its being done by amendment. No objection to that course was taken in the court below, and the form of the proceeding is quite immaterial. (*Knickerbocker Life Ins. Co.* v. *Nelson*, 78 N. Y., 149.) It appears that the action against the receiver was referred by consent. That consent should not bind the new corporation. The order must be modified by vacating the order of reference, and as so modified it must be affirmed with ten dollars costs and disbursements.

BARNARD, P. J., and DYKMAN, J., concurred.

Ordered accordingly.